IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| THE ESTATE OF TAYLOR LOWERY ) <br> BY AND THROUGH SPECIAL ) <br> ADMINISTRATOR DA'MABRIUS DUNCAN ) <br> AND L.L. THROUGH NEXT OF FRIEND ) <br> DA'MABRIUS DUNCAN, ) <br>         Plaintiffs, ) <br> v. ) <br> ) <br> CITY OF TOPEKA, KANSAS, ) <br> OFFICER MALCOLM GILLUM, ) <br> OFFICER JUSTIN GOOD, ) <br> OFFICER BRADLEY NETHERTON, ) <br> OFFICER GEORGE CHILES, and ) <br> JOHN DOES 1-5, ) <br>         Defendants. ) | Case No. 24-2336 DDC/ADM |

### **DEFENDANT CITY OF TOPEKA'S ANSWER TO PLAINTIFF'S COMPLAINT**

COME NOW the Defendant, City of Topeka ("City" or "Defendant") by and through Nicholas H. Jefferson for its answer to the Plaintiffs' complaint as follows:

**Except as specifically admitted herein, each and every allegation of the plaintiffs' Complaint is denied.**

### Parties

1. The averments made in Paragraphs 1-2 are not allegations made against the City and no response is required per Fed. R. Civ. P. 8(b)(1)B. To the extent a response is required, the City is without sufficient information to admit or deny the allegations contained in Paragraphs 1-2, as such, the allegations are denied.

2. Defendant City admits that Officer Good is a police officer with the City of Topeka Police Department, is a Shawnee County resident, and was acting within the course and scope of his employment at all relevant times. The City denies the remaining allegations contained in

Estate of Lowery v. City, et al  
Answer of City of Topeka  
2:24-CV-002336-DDC-ADM

Page 1 of 9

paragraph 3.

3. The Defendant City admits that Officer Netherton is a police officer with the City of Topeka Police Department, is a Shawnee County resident, and was acting within the course and scope of his employment at all relevant times. The City denies the remaining allegations contained in paragraph 4.

4. The Defendant City admits that Officer Chiles is a police officer with the City of Topeka Police Department, is a Shawnee County resident, and was acting within the course and scope of his employment at all relevant times. The City denies the remaining allegations contained in paragraph 5.

5. The Defendant City admits Officer Gillum was a police officer with the City of Topeka Police Department and was acting within the course and scope of his employment at all relevant times. The City denies the remaining allegations contained in paragraph 6.

6. The City is without sufficient information to admit or deny the allegations contained in Paragraph 7, as such, the allegations are denied.

7. The averments made in Paragraph 8 are not allegations made against the City and no response is required per Fed. R. Civ. P. 8(b)(1)B. To the extent a response is required, the City is without sufficient information to admit or deny the allegations contained in Paragraph 8, as such, the allegations are denied.

8. The City admits that it is responsible for the of managing the Topeka Police Department including the hiring, promoting, training, supervising, disciplining, and firing of employees of the Topeka Police Department, the City is without sufficient information to admit or deny the remaining allegations contained in Paragraph 9, as such, the remaining allegations are denied.

**Estate of Lowery v. City, et al**
Answer of City of Topeka
2:24-CV-002336-DDC-ADM

Page 2 of 9

9. The City admits that the City of Topeka is a municipality organized under the laws of the State of Kansas, and that it may be served at 215 SE 7th Street, Topeka, Kansas. Defendant further admits that the Topeka Police Department is a subordinate department or agency of the City of Topeka, and does not have the capacity to be sued. Defendant denies any remaining allegations found in Paragraph 10.

## Jurisdiction and Venue

10. The City is without sufficient information to admit or deny the allegations contained in Paragraph 11, as such, the allegations are denied.

11. Defendant admits the allegations contained in Paragraph 12.

12. The averments made in Paragraph 13 are not allegations made against the City and no response is required per Fed. R. Civ. P. 8(b)(1)B. To the extent a response is required, the City is without sufficient information to admit or deny the allegations contained in Paragraph 13, as such, the allegations are denied.

13. The City admits that venue is proper within the District of Kansas, however, the City asserts that Topeka, Kansas, is the proper place of trial for this matter.

14. Defendant admits the allegations contained in Paragraph 15.

## Factual Allegations

15. Defendant admits the allegations contained in Paragraphs 16-18.

16. The City admits there was verbal interaction with a minor child. Defendant denies the remaining allegations contained in Paragraph 19.

17. The City admits the named officers did not possess a search warrant to enter the home. Defendant denies the remaining allegations contained in Paragraph 20.

18. Defendant denies the allegations contained in Paragraphs 21-22.

**Estate of Lowery v. City, et al**  
Answer of City of Topeka  
2:24-CV-002336-DDC-ADM

Page 3 of 9

19. Defendant admits the allegations contained in Paragraph 23.

20. The City is without sufficient information to admit or deny the allegations contained in Paragraph 24, as such, the allegations are denied.

21. The City admits that Taylor Lowery attempted to evade the named officers. Defendant denies the remaining allegations contained in Paragraph 25.

22. Defendant admits the allegations contained in Paragraph 26.

23. Defendant denies the allegations contained in Paragraph 27.

24. Defendant admits the allegations contained in Paragraphs 28-34.

25. Defendant denies the allegations contained in Paragraph 35.

26. Defendant admits the allegations contained in Paragraph 36.

27. Defendant denies the allegations contained in Paragraph 37.

28. Defendant admits the allegations contained in Paragraphs 38-39.

29. Defendant denies the allegations contained in Paragraph 40.

30. The City is without sufficient information to admit or deny the allegations contained in Paragraph 41, as such, the allegations are denied.

31. The averments contained in Paragraph 42 are vague, ambiguous, and indistinct such that City is without sufficient information to admit or deny the allegations. As such, the allegations are denied.

32. Defendant denies the allegations contained in Paragraph 43.

33. The averments contained in Paragraph 44 are vague, ambiguous, and indistinct such that City is without sufficient information to admit or deny the allegations. As such, the allegations are denied.

34. Defendant admits the allegations contained in Paragraph 45.

**Estate of Lowery v. City, et al**                                                                                                     Page 4 of 9
Answer of City of Topeka
2:24-CV-002336-DDC-ADM

35. The averments contained in Paragraph 46 are vague, ambiguous, and indistinct such that City is without sufficient information to admit or deny the allegations. As such, the allegations are denied.

36. Defendant denies the allegations contained in Paragraphs 47-48.

37. Defendant admits the allegations contained in Paragraphs 49-51.

38. Defendant denies the allegations contained in Paragraphs 52-53.

39. Defendant admits the allegations contained in Paragraph 54.

40. Defendant denies the allegations contained in Paragraphs 55-63.

41. Defendant admits the allegations contained in Paragraph 64.

42. Defendant denies the allegations contained in Paragraphs 65-68.

43. Defendant City admits that portions of the incident were caught on body camera footage and that the City maintains that body camera footage. The City admits that representatives of the estate of Lowery were allowed to view body camera footage related to the incident three times. Defendant denies the remaining allegations contained in Paragraph 69.

44. Defendant denies the allegations contained in Paragraphs 70.

45. The averments made in Paragraphs 71-74 are not allegations made against the City and no response is required per Fed. R. Civ. P. 8(b)(1)B. To the extent a response is required, the City is without sufficient information to admit or deny the allegations contained in Paragraphs 71-74, as such, the allegations are denied.

46. The averments contained in Paragraph 75 are vague, ambiguous, and indistinct such that City is without sufficient information to admit or deny the allegations. As such, the allegations are denied.

47. Defendant denies the allegations contained in Paragraph 76.

**Estate of Lowery v. City, et al**  
Answer of City of Topeka  
2:24-CV-002336-DDC-ADM

Page 5 of 9

## Count I – Excessive Use of Force in Violation of the Fourth and Fourteenth Amendments of the United States Constitution

48. Defendant re-alleges its responses to Paragraphs 1-76 as set forth herein and deny the same where applicable in response to paragraph 77 of the Complaint.

49. Defendant denies the allegations contained in Paragraphs 78-87.

## Count II – Wrongful Death

50. Defendant re-alleges its responses to Paragraphs 1-87 as set forth herein and deny the same where applicable in response to paragraph 88 of the Complaint.

51. The averments made in Paragraph 89 are not allegations made against the City and no response is required per Fed. R. Civ. P. 8(b)(1)B. To the extent a response is required, the City is without sufficient information to admit or deny the allegations contained in Paragraph 89, as such, the allegations are denied.

52. Defendant denies the allegations contained in Paragraphs 90-98.

## Count III – Deliberately Indifferent Polices, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth Amendment (sic)

53. Defendant re-alleges its responses to Paragraphs 1-98 as set forth herein and deny the same where applicable in response to paragraph 99 of the Complaint.

54. Defendant denies the allegations contained in Paragraphs 100-105.

55. The averments made in Paragraph 106 are not allegations made against the City and no response is required per Fed. R. Civ. P. 8(b)(1)B. To the extent a response is required, the City is without sufficient information to admit or deny the allegations contained in Paragraph 106, as such, the allegations are denied.

56. Defendant denies the allegations contained in Paragraphs 107-108.

**Estate of Lowery v. City, et al**  
Answer of City of Topeka  
2:24-CV-002336-DDC-ADM  
Page 6 of 9

### Count IV – Assault and Battery

57. Defendant re-alleges its responses to Paragraphs 1-108 as set forth herein and deny the same where applicable in response to paragraph 109 of the Complaint.

58. Defendant denies the allegations contained in Paragraphs 110-116.

### Kansas Open Records Act – K.S.A. 45-222

59. Defendant re-alleges its responses to Paragraphs 1-116 as set forth herein and deny the same where applicable in response to paragraph 117 of the Complaint.

60. City has responded to Plaintiffs' allegations found in Paragraphs 118-133 in its PARTIAL MOTION TO DISMISS, filed contemporaneously with its answer. To the extent a response is required in this answer, the City denies the allegations found in Paragraphs 118-133.

### AFFIRMATIVE DEFENSES

For its affirmative defenses and for further answer, the City states as follows:

60. The City states and assert Plaintiffs fail to state claims upon which relief can be granted and fail to allege sufficient facts necessary to state a claim.

61. The City states that some of the referenced incidents are or may be barred by applicable statutes of limitations and/or repose.

62. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to exhaust their administrative remedies prior to filing suit.

63. The City denies adopting, utilizing or implementing customs, policies or practices in violation of Plaintiffs' Constitutional rights or which led to a violation of such rights.

64. The City asserts that its employees are protected by the defense(s) of qualified immunity and to the extent applicable, absolute immunity. The City also asserts neither it nor its employees violated any clearly established law intentionally or otherwise.

**Estate of Lowery v. City, et al**  
Answer of City of Topeka  
2:24-CV-002336-DDC-ADM

Page 7 of 9

65. The City acted in a manner that was proper, reasonable, lawful, and in the exercise of good faith.

66. Plaintiffs' Complaint should be dismissed based upon waiver, set-off, express or implied consent, and the equitable doctrine of laches.

67. To the extent plaintiff's claims are based on the doctrine of respondeat superior, such claims are barred because the doctrine of respondeat superior is not a basis for recovery under 42 U.S.C. § 1983.

68. As a further affirmative defense, it is alleged that any force used against Lowery was reasonable and/or privileged.

69. As a further affirmative defense, it is alleged that any force used by these Defendants was objectively reasonable and/or privileged.

70. As a further affirmative defense, it is alleged that Plaintiffs' damages, if any, are not of the nature and extent alleged.

71. As a further affirmative defense, it is alleged that Plaintiffs cannot meet the burden required to recover punitive damages.

72. As a further affirmative defense, it is alleged that the City is entitled to fees and costs under 42 U.S.C. § 1988.

73. As a further affirmative defense, the City asserts that all immunities and caps set forth in the Kansas Tort Claims Act prohibit and/or limit Plaintiffs' potential recovery.

74. The City reserves the right to assert any additional defenses, affirmative or otherwise, as may be discovered.

**Estate of Lowery v. City, et al**  
Answer of City of Topeka  
2:24-CV-002336-DDC-ADM  
Page 8 of 9

**WHEREFORE**, having fully answered, the City prays that Plaintiffs take nothing by their Complaint and that the City be granted judgment for costs, fees and such other and further relief as the Court deems just and equitable.

Respectfully Submitted:

CITY OF TOPEKA

BY:   /s/Nicholas H. Jefferson
Nicholas H. Jefferson, #25530
Chief of Litigation
Legal Department
215 SE 7th Street, Room 353
Topeka, Kansas  66603
(785) 368-3883; (785) 368-3901 (fax)
njefferson@topeka.org
*Attorney for Defendant City of Topeka*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to registered counsel.

 /s/ Nicholas H. Jefferson
Nicholas H. Jefferson

**Estate of Lowery v. City, et al**
**Answer of City of Topeka**
**2:24-CV-002336-DDC-ADM**

Page 9 of 9