## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

THE ESTATE OF TAYLOR LOWERY )
BY AND THROUGH SPECIAL )
ADMINISTRATOR DA'MABRIUS DUNCAN )
AND L.L. THROUGH NEXT OF FRIEND )
DA'MABRIUS DUNCAN, )
          Plaintiffs, )
v. )     Case No. 24-2336 DDC/ADM
 )
CITY OF TOPEKA, KANSAS, )
OFFICER MALCOLM GILLUM, )
OFFICER JUSTIN GOOD, )
OFFICER BRADLEY NETHERTON, )
OFFICER GEORGE CHILES, and )
JOHN DOES 1-5, )
          Defendants. )

---

### DEFENDANT CITY OF TOPEKA'S PARTIAL MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

Defendant City of Topeka ("City"), by and through undersigned counsel, moves this Court for an order dismissing Plaintiffs' state law claim brought pursuant to the Kansas Open Records Act – K.S.A. § 45-222 ("KORA"), for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In support of its Motion, City states as follows:

### STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). The court, "must resolve jurisdictional issues before considering the merits of a claim, because [w]ithout jurisdiction the court cannot proceed at all in any cause." *Whitaker v. Monroe Staffing Servs., LLC*, 42 F.4th 200, 206 (4th Cir. 2022) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). When a court lacks subject-matter jurisdiction, it cannot render judgment and must dismiss the cause of action as soon as it becomes apparent that it lacks subject-

matter jurisdiction. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013).

Jurisdiction bestows the power to declare law, and without jurisdiction, the only functions that

remain are for the court to announce the facts and dismiss the cause. *Robinson v. Wichita State*

*University*, No. 16-2138-DDC-GLR, 2018 WL 836294, at \*22 (D. Kan. Feb. 13, 2018).

## ARGUMENTS AND AUTHORITY

**1.**     **This Court lacks subject-matter jurisdiction over the Complaint's KORA claim because the KORA statutes vest jurisdiction exclusively with the state district court seated in the county where the records are located.**

The Complaint alleges, "K.S.A. § 45-218(1) [*sic*] and (b) and conveys authority on the

court to enforce the purposes of the Act. K.S.A § 45-222." *See* Complaint, Doc. No. 1, ¶ 120. The

Complaint incorrectly interprets K.S.A. 45-222. The statute states, "[t]he ***district court of any***

***county*** in ***which public records are located shall have jurisdiction*** to enforce the purposes of this

act. (***Emphasis added***.)" K.S.A § 45-222(a). The statute makes no mention of adjudicating KORA

claims in Federal Court. This Court has repeatedly dismissed KORA claims for lack of subject-

matter jurisdiction. *Robinson*, 2018 WL 836294, at \*22; *Newton v. City of Atchison, Kansas*, No.

23-2153-JWB, 2023 WL 8599377, at \*19 (D. Kan. Dec. 12, 2023); *Kelly v. Judge Advoc. Gen. of*

*Navy,* No. 12-3067-SAC, 2012 WL 1997862, at \*2 (D. Kan. June 4, 2012); *Tholen Supply Co. v.*

*Cont'l Cas. Co.*, No. 93-2224-JWL, 1994 WL 482635, at \*2 (D. Kan. Aug. 4, 1994). Therefore,

this Court is not the proper jurisdiction for KORA litigation. This Court lacks subject-matter

jurisdiction over the KORA cause pursuant to Rule 12(b)(1) and Count V of Plaintiff's Complaint

should be dismissed.

## CONCLUSION

This Court lacks subject-matter jurisdiction over the KORA claim. Therefore, the City

respectfully requests that this Court dismiss the KORA cause pursuant to Fed. R. Civ. P. 12(b)(1),

for lack of subject-matter jurisdiction, and any other such relief that the Court finds just.

Respectfully Submitted,

CITY OF TOPEKA

BY:     /s/Nicholas H. Jefferson
        Nicholas H. Jefferson, #25530
        City of Topeka, Legal Department
        215 SE 7th Street, Room 353
        Topeka, Kansas  66603
        (785) 368-3883; (785) 368-3901
        njefferson@topeka.org
        Attorney for Defendant City of Topeka

### CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to registered counsel.

/s/ Nicholas H. Jefferson
Nicholas H. Jefferson