## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THE ESTATE OF TAYLOR LOWERY, et al.,

     Plaintiffs,

     v.

                                  Case No. 2:24-CV-002336-DDC-ADM

CITY OF TOPEKA, KANSAS, et al.,

     Defendants.

### ANSWER TO AMENDED COMPLAINT

COME NOW the Defendants, Officer Justin Good, Officer Bradley Netherton, Officer Malcolm Gillum, Sergeant Scott McEntire and Detective Alex Wall by and through Jeffrey M. Kuhlman and Spencer K. Bailly of the law firm of Watkins Calcara, Chtd., their attorneys, and for their answer to the plaintiffs' Amended Complaint, state and allege as follows:

**Except as specifically admitted herein, each and every allegation of the plaintiffs' Amended Complaint is denied.**

1.      In response to the allegations contained in paragraph 1 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required from these Defendants, they are without sufficient knowledge or information to form a belief as to the truth or accuracy thereof and therefore deny same.

2.      In response to the allegations contained in paragraph 2 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required from these Defendants, they are without sufficient knowledge or information to form a belief as to the truth or accuracy thereof and therefore deny same.

3.      In response to the allegations contained in paragraph 3 of Plaintiffs' Amended Complaint, these Defendants admit the same.

4.      In response to the allegations contained in paragraph 4 of Plaintiffs' Amended Complaint, these Defendants admit the same.

5.      In response to the allegations contained in paragraph 5 of Plaintiffs' Amended Complaint, these Defendants admit Officer Malcom Gillum was a police officer with the City of Topeka Police Department and was acting within the course and scope of his employment at all relevant times.  These Defendants deny the remaining allegations contained in paragraph 5.

6.      In response to the allegations contained in paragraph 6 of Plaintiffs' Amended Complaint, these Defendants admit the same.

7.      In response to the allegations contained in paragraph 7 of Plaintiffs' Amended Complaint, these Defendants admit the same.

8.      In response to the allegations contained in paragraph 8 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B).

9.      In response to the allegations contained in paragraph 9 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required from these Defendants, they are without sufficient knowledge or information to form a belief as to the truth or accuracy thereof and therefore deny same.

10.     In response to the allegations contained in paragraph 10 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required from these Defendants, they are without sufficient knowledge or information to form a belief as to the truth or

accuracy thereof and therefore deny same.

11.     In response to the allegations contained in paragraph 11 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required from these Defendants, they are without sufficient knowledge or information to form a belief as to the truth or accuracy thereof and therefore deny same.

12.     In response to the allegations contained in paragraph 12 of Plaintiffs' Amended Complaint, these Defendants admit the same.

13.     In response to the allegations contained in paragraph 13 of Plaintiffs' Amended Complaint, these Defendants admit the same.

14.     In response to the allegations contained in paragraph 14 of Plaintiffs' Amended Complaint, these Defendants admit that venue is proper within the District of Kansas. These Defendants deny that venue within the District is proper in Kansas City, Kansas, and assert that Topeka, Kansas, is the proper place of trial for this matter.

15.     In response to the allegations contained in paragraph 15 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required from these Defendants, they are without sufficient knowledge or information to form a belief as to the truth or accuracy thereof and therefore deny same.

16.     In response to the allegations contained in paragraph 16 of Plaintiffs' Amended Complaint, these Defendants admit the same.

17.     In response to the allegations contained in paragraph 17 of Plaintiffs' Amended Complaint, these Defendants admit the same.

18.     In response to the allegations contained in paragraph 18 of Plaintiffs' Amended

Complaint, these Defendants deny the same as stated. The recording of the call speaks for itself.

19.     In response to the allegations contained in paragraph 19 of Plaintiffs' Amended Complaint, these Defendants admit that the woman told the dispatcher that Lowery had a knife but deny the remaining allegations as stated in paragraph 19 of Plaintiffs' Amended Complaint. The recording of the call speaks for itself.

20.     In response to the allegations contained in paragraph 20 of Plaintiffs' Amended Complaint, these Defendants deny the same.

21.     In response to the allegations contained in paragraph 21 of Plaintiffs' Amended Complaint, these Defendants admit the same.

22.     In response to the allegations contained in paragraph 22 of Plaintiffs' Amended Complaint, these Defendants admit the same.

23.     In response to the allegations contained in paragraph 23 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated.

24.     In response to the allegations contained in paragraph 24 of Plaintiffs' Amended Complaint, these Defendants admit that there was verbal interaction with a minor child and that they observed Lowery exit the home through the back door.

25.     In response to the allegations contained in paragraph 25 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated.

26.     In response to the allegations contained in paragraph 26 of Plaintiffs' Amended Complaint, these Defendants admit that Lowery was armed with a knife and a wrench. These Defendants deny the remaining allegations contained in paragraph 26.

27.     In response to the allegations contained in paragraph 27 of Plaintiffs' Amended Complaint, these Defendants deny the same.

28.     In response to the allegations contained in paragraph 28 of Plaintiffs' Amended

Complaint, these Defendants deny the same as stated.

29.     In response to the allegations contained in paragraph 29 of Plaintiffs' Amended Complaint, these Defendants deny the same.

30.     In response to the allegations contained in paragraph 30 of Plaintiffs' Amended Complaint, these Defendants deny the same.

31.     In response to the allegations contained in paragraph 31 of Plaintiffs' Amended Complaint, these Defendants admit the same.

32.     In response to the allegations contained in paragraph 32 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated.

33.     In response to the allegations contained in paragraph 33 of Plaintiffs' Amended Complaint, these Defendants admit the same.

34.     In response to the allegations contained in paragraph 34 of Plaintiffs' Amended Complaint, these Defendants admit the same.

35.     In response to the allegations contained in paragraph 35 of Plaintiffs' Amended Complaint, these Defendants deny the same.

36.     In response to the allegations contained in paragraph 36 of Plaintiffs' Amended Complaint, these Defendants deny the same.

37.     In response to the allegations contained in paragraph 37 of Plaintiffs' Amended Complaint, these Defendants deny the same.

38.     In response to the allegations contained in paragraph 38 of Plaintiffs' Amended Complaint, these Defendants admit that no shots were fired prior to Lowery fleeing the scene of the residence to which Officers Good and Chiles responded.

39.     In response to the allegations contained in paragraph 39 of Plaintiffs' Amended Complaint, these Defendants admit the same.

40.     In response to the allegations contained in paragraph 40 of Plaintiffs' Amended Complaint, these Defendants admit the same.

41.     In response to the allegations contained in paragraph 41 of Plaintiffs' Amended Complaint, these Defendants admit the same.

42.     In response to the allegations contained in paragraph 42 of Plaintiffs' Amended Complaint, these Defendants admit the same.

43.     In response to the allegations contained in paragraph 43 of Plaintiffs' Amended Complaint, these Defendants deny the same.

44.     In response to the allegations contained in paragraph 44 of Plaintiffs' Amended Complaint, these Defendants admit the same.

45.     In response to the allegations contained in paragraph 45 of Plaintiffs' Amended Complaint, these Defendants admit the same.

46.     In response to the allegations contained in paragraph 46 of Plaintiffs' Amended Complaint, these Defendants deny the same.

47.     In response to the allegations contained in paragraph 47 of Plaintiffs' Amended Complaint, these Defendants admit the same.

48.     In response to the allegations contained in paragraph 48 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated.

49.     In response to the allegations contained in paragraph 49 of Plaintiffs' Amended Complaint, these Defendants admit the same.

50.     In response to the allegations contained in paragraph 50 of Plaintiffs' Amended Complaint, these Defendants admit that Lowery ran towards a parked car and that he attempted a carjacking at knifepoint.

51.     In response to the allegations contained in paragraph 51 of Plaintiffs' Amended

Complaint, these Defendants deny the same.

52.     In response to the allegations contained in paragraph 52 of Plaintiffs' Amended Complaint, these Defendants admit the same.

53.     In response to the allegations contained in paragraph 53 of Plaintiffs' Amended Complaint, these Defendants admit the same.

54.     In response to the allegations contained in paragraph 54 of Plaintiffs' Amended Complaint, these Defendants admit the same.

55.     In response to the allegations contained in paragraph 55 of Plaintiffs' Amended Complaint, these Defendants admit the same.

56.     In response to the allegations contained in paragraph 56 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated. These Defendant admit that Wall and McEntire discharged their firearms at Lowery after Lowery charged them with a knife.

57.     In response to the allegations contained in paragraph 57 of Plaintiffs' Amended Complaint, these Defendants deny the same.

58.     In response to the allegations contained in paragraph 58 of Plaintiffs' Amended Complaint, these Defendants deny the same.

59.     In response to the allegations contained in paragraph 59 of Plaintiffs' Amended Complaint, these Defendants deny the same.

60.     In response to the allegations contained in paragraph 60 of Plaintiffs' Amended Complaint, these Defendants admit the same.

61.     In response to the allegations contained in paragraph 61 of Plaintiffs' Amended Complaint, these Defendants deny the same.

62.     In response to the allegations contained in paragraph 62 of Plaintiffs' Amended Complaint, these Defendants admit the same.

63.     In response to the allegations contained in paragraph 63 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated.

64.     In response to the allegations contained in paragraph 64 of Plaintiffs' Amended Complaint, these Defendants admit the same.

65.     In response to the allegations contained in paragraph 65 of Plaintiffs' Amended Complaint, these Defendants admit the same.

66.     In response to the allegations contained in paragraph 66 of Plaintiffs' Amended Complaint, these Defendants admit the same.

67.     In response to the allegations contained in paragraph 67 of Plaintiffs' Amended Complaint, these Defendants admit that after the first round of gunshots, Lowery did not possess a knife again.

68.     In response to the allegations contained in paragraph 68 of Plaintiffs' Amended Complaint, these Defendants admit the same, and specifically assert that they did not observe the location of the knife until after lethal force had been used.

69.     In response to the allegations contained in paragraph 69 of Plaintiffs' Amended Complaint, these Defendants deny the same.

70.     In response to the allegations contained in paragraph 70 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated.

71.     In response to the allegations contained in paragraph 71 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated.

72.     In response to the allegations contained in paragraph 72 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated.

73.     In response to the allegations contained in paragraph 73 of Plaintiffs' Amended Complaint, these Defendants admit the same.

74.     In response to the allegations contained in paragraph 74 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated.

75.     In response to the allegations contained in paragraph 75 of Plaintiffs' Amended Complaint, these Defendants admit the same.

76.     In response to the allegations contained in paragraph 76 of Plaintiffs' Amended Complaint, these Defendants deny the same.

77.     In response to the allegations contained in paragraph 77 of Plaintiffs' Amended Complaint, these Defendants admit the same.

78.     In response to the allegations contained in paragraph 78 of Plaintiffs' Amended Complaint, these Defendants admit the same.

79.     In response to the allegations contained in paragraph 79 of Plaintiffs' Amended Complaint, these Defendants deny the same.

80.     In response to the allegations contained in paragraph 80 of Plaintiffs' Amended Complaint, these Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy thereof and therefore deny same.

81.     In response to the allegations contained in paragraph 81 of Plaintiffs' Amended Complaint, these Defendants deny the same.

82.     In response to the allegations contained in paragraph 82 of Plaintiffs' Amended Complaint, these Defendants deny the same.

83.     In response to the allegations contained in paragraph 83 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated.

84.     In response to the allegations contained in paragraph 84 of Plaintiffs' Amended Complaint, these Defendants deny the same.

85.     In response to the allegations contained in paragraph 85 of Plaintiffs' Amended

Complaint, these Defendants admit the same.

86.    In response to the allegations contained in paragraph 86 of Plaintiffs' Amended Complaint, these Defendants deny the same.

87.    In response to the allegations contained in paragraph 87 of Plaintiffs' Amended Complaint, these Defendants deny the same.

88.    In response to the allegations contained in paragraph 88 of Plaintiffs' Amended Complaint, these Defendants deny the same.

89.    In response to the allegations contained in paragraph 89 of Plaintiffs' Amended Complaint, these Defendants admit the same.

90.    In response to the allegations contained in paragraph 90 of Plaintiffs' Amended Complaint, these Defendants admit that Lowey was holding a large metallic object.

91.    In response to the allegations contained in paragraph 91 of Plaintiffs' Amended Complaint, these Defendants deny the same.

92.    In response to the allegations contained in paragraph 92 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated. These Defendants admit the wrench was still Lowery's hand after the second round of gunshots.

93.    In response to the allegations contained in paragraph 93 of Plaintiffs' Amended Complaint, these Defendants admit the same.

94.    In response to the allegations contained in paragraph 94 of Plaintiffs' Amended Complaint, these Defendants deny the same.

95.    In response to the allegations contained in paragraph 95 of Plaintiffs' Amended Complaint, these Defendants admit the same.

96.    In response to the allegations contained in paragraph 96 of Plaintiffs' Amended Complaint, these Defendants deny the same.

97.     In response to the allegations contained in paragraph 97 of Plaintiffs' Amended Complaint, these Defendants admit the same.

98.     These Defendants incorporate all previous responses to Plaintiffs' allegations as if restated here.

99.     In response to the allegations contained in paragraph 99 of Plaintiffs' Amended Complaint, these Defendants deny the same.

100.    In response to the allegations contained in paragraph 100 of Plaintiffs' Amended Complaint, these Defendants deny the same.

101.    In response to the allegations contained in paragraph 101 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated.

102.    In response to the allegations contained in paragraph 102 of Plaintiffs' Amended Complaint, these Defendants deny the same.

103.    In response to the allegations contained in paragraph 103 of Plaintiffs' Amended Complaint, these Defendants deny the same.

104.    In response to the allegations contained in paragraph 104 of Plaintiffs' Amended Complaint, including its subparts, these Defendants deny the same.

105.    In response to the allegations contained in paragraph 105 of Plaintiffs' Amended Complaint, these Defendants deny the same.

106.    In response to the allegations contained in paragraph 106 of Plaintiffs' Amended Complaint, these Defendants deny the same.

107.    In response to the allegations contained in paragraph 107 of Plaintiffs' Amended Complaint, these Defendants deny the same.

108.    In response to the allegations contained in paragraph 108 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated.

109.    These Defendants incorporate all previous responses to Plaintiffs' allegations as if restated here.

110.    In response to the allegations contained in paragraph 110 of Plaintiffs' Amended Complaint, these Defendants admit the same.

111.    In response to the allegations contained in paragraph 111 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated.

112.    In response to the allegations contained in paragraph 112 of Plaintiffs' Amended Complaint, these Defendants deny the same as stated.

113.    In response to the allegations contained in paragraph 113 of Plaintiffs' Amended Complaint, these Defendants admit the same.

114.    In response to the allegations contained in paragraph 114 of Plaintiffs' Amended Complaint, these Defendants deny the same.

115.    In response to the allegations contained in paragraph 115 of Plaintiffs' Amended Complaint, these Defendants deny the same.

116.    In response to the allegations contained in paragraph 116 of Plaintiffs' Amended Complaint, these Defendants deny the same.

117.    In response to the allegations contained in paragraph 117 of Plaintiffs' Amended Complaint, these Defendants deny the same.

118.    In response to the allegations contained in paragraph 118 of Plaintiffs' Amended Complaint, these Defendants deny the same.

119.    In response to the allegations contained in paragraph 119 of Plaintiffs' Amended Complaint, these Defendants deny the same.

120.    These Defendants incorporate all previous responses to Plaintiffs' allegations as if restated here.

121.    In response to the allegations contained in paragraph 121 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required from these Defendants, they are without sufficient knowledge or information to form a belief as to the truth or accuracy thereof and therefore deny same.

122.    In response to the allegations contained in paragraph 122 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required from these Defendants, they are without sufficient knowledge or information to form a belief as to the truth or accuracy thereof and therefore deny same.

123.    In response to the allegations contained in paragraph 123 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required from these Defendants, they are without sufficient knowledge or information to form a belief as to the truth or accuracy thereof and therefore deny same.

124.    In response to the allegations contained in paragraph 124 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required from these Defendants, they are without sufficient knowledge or information to form a belief as to the truth or accuracy thereof and therefore deny same.

125.    In response to the allegations contained in paragraph 125 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required from these Defendants, they are without sufficient knowledge or information to form a belief as to the truth or

accuracy thereof and therefore deny same.

126.    In response to the allegations contained in paragraph 126 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required from these Defendants, they are without sufficient knowledge or information to form a belief as to the truth or accuracy thereof and therefore deny same.

127.    In response to the allegations contained in paragraph 127 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required from these Defendants, they are without sufficient knowledge or information to form a belief as to the truth or accuracy thereof and therefore deny same.

128.    In response to the allegations contained in paragraph 128 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required from these Defendants, they are without sufficient knowledge or information to form a belief as to the truth or accuracy thereof and therefore deny same.

129.    In response to the allegations contained in paragraph 129 of Plaintiffs' Amended Complaint, these Defendants assert that the same are not allegations against them, and therefore, no response is required under Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required from these Defendants, they are without sufficient knowledge or information to form a belief as to the truth or accuracy thereof and therefore deny same.

130.    These Defendants incorporate all previous responses to Plaintiffs' allegations as if restated here.

131.    In response to the allegations contained in paragraph 131 of Plaintiffs' Amended

Complaint, these Defendants admit to using privileged, justified lethal force, and deny the remaining allegations contained in paragraph 131.

132.     In response to the allegations contained in paragraph 132 of Plaintiffs' Amended Complaint, these Defendants deny the same.

133.     In response to the allegations contained in paragraph 133 of Plaintiffs' Amended Complaint, these Defendants admit to using privileged, justified lethal force, and deny the remaining allegations contained in paragraph 133.

134.     In response to the allegations contained in paragraph 134 of Plaintiffs' Amended Complaint, these Defendants admit to using privileged, justified lethal force, and deny the remaining allegations contained in paragraph 134.

135.     In response to the allegations contained in paragraph 135 of Plaintiffs' Amended Complaint, these Defendants deny the same.

136.     In response to the allegations contained in paragraph 136 of Plaintiffs' Amended Complaint, these Defendants deny the same.

137.     In response to the allegations contained in paragraph 137 of Plaintiffs' Amended Complaint, these Defendants deny the same.

138.     As an affirmative defense, it is alleged that Plaintiffs fail to state a claim upon which relief may be granted.

139.     As a further affirmative defense, it is alleged that any force used against Lowery was reasonable, justified, and/or privileged.

140.     As a further affirmative defense, it is alleged that these Defendants are entitled to qualified immunity on all claims brought against them in their individual capacity.

141.     As a further affirmative defense, it is alleged that Plaintiffs' damages, if any, are not of the nature and extent alleged.

142.    As a further affirmative defense, it is alleged that Plaintiffs cannot meet the burden required to recover punitive damages.

143.    As a further affirmative defense, it is alleged that these Defendants are entitled to fees and costs under 42 U.S.C. § 1988.

144.    As a further affirmative defense, these Defendants assert that all immunities and caps set forth in the Kansas Tort Claims Act prohibit and/or limit Plaintiffs' potential recovery.

145.    These Defendants reserve the right to assert additional defenses as they become known in discovery.

NOW THEREFORE, Defendants Officer Justin Good, Officer Bradley Netherton, Officer Malcolm Gillum, Sergeant Scott McEntire and Detective Alex Wall pray that the plaintiffs take nothing by their Amended Complaint, for costs, for fees, and for what other and further relief as the court deems just and equitable.

WATKINS CALCARA, CHTD.

s/      JEFFREY M. KUHLMAN
        Jeffrey M. Kuhlman, #26865
        Spencer K. Bailly, #28627
        1321 Main Street - Suite 300
        P.O. Drawer 1110
        Great Bend, Kansas  67530
        (620) 792-8231   Fax (620) 792-2775
        jkuhlman@wcrf.com
        sbailly@wcrf.com
        Attorneys for Defendants Officer Justin
        Good, Officer Bradley Netherton, Officer
        Malcolm Gillum, Sergeant Scott McEntire
        and Detective Alex Wall

## DEMAND FOR TRIAL BY JURY

COME NOW the defendants Officer Justin Good, Officer Bradley Netherton, Officer Malcolm Gillum, Sergeant Scott McEntire and Detective Alex Wall and demand a trial by jury of twelve (12) on all issues herein.

s/   JEFFREY M. KUHLMAN
Jeffrey M. Kuhlman, #26865

## DESIGNATION OF PLACE OF TRIAL

COME NOW, these Defendants and designate Topeka, Kansas for trial of this matter.

s/   JEFFREY M. KUHLMAN
Jeffrey M. Kuhlman, #26865

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of January, 2025, I electronically filed the above and foregoing Answer, Jury Demand and Designation of Place of Trial to Plaintiffs' Amended Complaint by using the CM/ECF system which will send a notice of electronic filing to registered counsel.

/s/ JEFFREY M. KUHLMAN
Jeffrey M. Kuhlman, #26865