IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DA'MABRIUS DUNCAN, as special administrator of the Estate of Taylor Lowery, et al., | )<br>)<br>) |
| Plaintiffs, | ) No. 24-2336-DDC-ADM |
| v. | )<br>)<br>) |
| CITY OF TOPEKA, KANSAS, et al., | )<br>) |
| Defendants. | )<br>) |

**<u>ORDER</u>**

This case arises out of the police shooting of Taylor Lowery and is brought by Da'Mabrius Duncan as both the special administrator of Lowery's estate and as the next friend of Lowery's minor child. The case is now before the court on defendants' motion for sanctions. (ECF 55.) By way of the motion, defendants ask the court to impose a number of sanctions against LaRonna Lassiter Saunders, an attorney purportedly representing Duncan but not of record in this case, and plaintiffs for willfully violating and disregarding the governing protective order. (ECF 37).

At issue in the motion is video footage from body cameras worn by police officers present at the events leading up to, during, and following Lowery's shooting ("bodycam footage"). This bodycam footage was the subject of a motion for a protective order (ECF 28), which the court granted in part on December 13, 2024 (ECF 33). In the order partially granting the motion, the court permitted "defendants to designate limited portions of footage containing any person's contact information or birthdate and/or information or images of minors as confidential, pursuant to the terms of the court's standard form protective order." (ECF 33, at 7.) Thereafter, the parties jointly submitted a proposed protective order incorporating the court's ruling. (ECF 34.) The

court entered the protective order on December 26. (ECF 37.) The protective order permits the parties to designate the following video footage, among other things, as confidential:

- Any portion of any body camera footage that contains or reveals any person's contact information, birthday, personal identifying information, or information or images of any minor children.

- Any portion of footage of Kansas Bureau of Investigation ("KBI") interviews that contains or reveals any person's contact information, birthday, personal identifying information, or information or images of any minor children.

- Any portion of any footage of law enforcement interview of victims or witnesses that contains or reveals any person's contact information, birthday, personal identifying information, or information or images of any minor children.

(*Id.* at 3.) The protective order prohibits the disclosure of designated confidential information and, by its terms, is binding upon "all counsel of record and their law firms, the parties, and persons made subject to this Order." (*Id.* at 8.)

On December 27, defendants produced video footage to plaintiffs, designating it as confidential under the protective order. Defendants' motion for sanctions alleges that on December 31, Lassiter Saunders held a press conference at which she discussed confidential material. Lassiter Saunders has not entered her appearance in this proceeding, but she attended the depositions of George Chiles and Justin Good as plaintiffs' counsel (plaintiffs' counsel of record also was present). On January 29, 2025, plaintiffs' counsel of record informed defense counsel that they had learned Lassiter Saunders provided unredacted copies of bodycam footage subject to the protective order to two media outlets. At the parties' request, the court held a hearing on the issue on January 30. (ECF 54.) The court permitted defendants to file a motion for sanctions if they wished.

In the current motion for sanctions, defendants allege that both the Kansas Reflector and NBC News have published articles referencing confidential bodycam footage that Lassiter Saunders provided to them at Lowery's family's request. Defendants thus assert that Lassiter Saunders, acting at plaintiffs' direction, violated the protective order. Defendants state, however, that they do not "know the full scope of confidential information that Ms. Lassiter Saunders provided to the media." (ECF 55, at 6.) Defendants ask the court to impose the following sanctions:

> First, that the Court order that Plaintiffs and Ms. Lassiter Saunders disclose the full scope of documents they have released to any third parties in this matter. Second, a finding that Ms. Lassiter Saunders is in civil contempt of Court for disobedience of this Court's protective order. Third, that Ms. Lassiter Saunders be ordered to destroy and return any discovery she has been provided in this case. Fourth, Ms. Lassiter Saunders be prohibited from participating in further discovery in this matter. Specifically, Defendants request Ms. Lassiter Saunders be prohibited from receiving additional materials produced in this case and from attending any depositions in this matter. Fifth, Defendants request that Ms. Lassiter Saunders and Plaintiffs be publicly admonished for their willful and blatant violation of the Court's order. And sixth, Defendants request that Ms. Lassiter Saunders or Plaintiffs be ordered to pay Defendants' attorney's fees for fees incurred for (a) briefing the motion for protective order (Docs. 28 and 32), which they promptly decided they were not going to follow; (b) participation in the hearing on January 30, 2025, regarding this matter (Docs. 53 and 54), and (c) the preparation of the instant motion, and any attendant briefing or participation in hearings necessitated by this motion.

(*Id.* at 6-7.)

At this juncture, the court finds it prudent to determine the extent to which Lassiter Saunders and/or Duncan may have violated the protective order by disclosing confidential information to persons not authorized by Paragraph 6(b) thereto. Therefore, by **February 25, 2025**, Lassiter Saunders and Duncan each must file a declaration, signed under penalty of perjury,

that explains in detail (1) all confidential information that she released to any third party and (2) the extent to which she is aware that confidential information has been further disseminated.

Also by **February 25, 2025**, Lassiter Saunders and plaintiffs must show cause in writing why the court should not impose the sanctions requested by defendants.  Once the court reviews their response, the court will decide whether an in-person hearing is warranted.

Meanwhile, Lassiter Saunders is prohibited from participating in further discovery in this matter.  More specifically, she is prohibited from receiving additional materials produced in this case and from attending any depositions in this matter until the court orders otherwise.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that plaintiffs' counsel of record must serve a copy of this order on Lassiter Saunders by **February 10, 2025,** and file a notice of such service on the docket.

Dated February 5, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge